UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

WAYNE McCARTY,

       Petitioner,

v.                                            Case No. 1:07-CV-663

CARMEN D. PALMER,                  HON. GORDON J. QUIST

       Respondent.
_____/

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner has objected to the report and recommendation dated July 28, 2010, in which Magistrate Judge Brenneman recommended that Petitioner's habeas petition, brought pursuant to 28 U.S.C. § 2254, be denied. The amended petition raised seven claims:

    I.      Denial of Due Process by refusal to permit examination of the only available witness that could corroborate petitioner's testimony and innocence.

    II.     Fair trial denied by interference by prosecutor with right to present a defense.

    III.    Denial of a fair trial by improper prosecutor argument.

    IV.    Unconstitutional sentence based upon fact finding by the judge instead of the jury.

    V.     Petitioner denied a fair trial by ineffective assistance of counsel.

    VI.    Ineffective assistance of appellate counsel.

    VII.   Petitioner's issues are properly raised and should be heard on the merits.

The magistrate judge found that claims I through V were procedurally defaulted and that Petitioner met neither the "cause . . . and actual prejudice" nor the "fundamental miscarriage of

justice" exceptions to the procedural default rule. The magistrate judge addressed the merits of claims VI and VII, and denied both. Having conducted a *de novo* review, the Court concludes that the report and recommendation should be adopted and the petition denied. The Court further concludes, however, that a certificate of appealability should be granted as to the procedural default issue only.

As to the finding of procedural default, Petitioner argues the Michigan Supreme Court's use of a form order, which denied leave to appeal simply because Petitioner "failed to meet the burden of establishing entitlement to relief under M.C.R. § 6.508(D)," was neither "reasoned" nor "explained." Therefore, Petitioner asserts, the Court must look to the Ingham County Circuit Court's order, which ruled on the merits. The Court disagrees. It is the law of this Circuit that such one-sentence orders, although brief, are sufficiently "explained" to constitute "reasoned" opinions for purposes of procedural default. *See Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) (finding such a form order by the Michigan Supreme Court to be "the last explained state court judgment"); *Simpson v. Jones*, 238 F.3d 399, 407-08 (6th Cir. 2000) (finding such an order to be a reasoned decision invoking a procedural bar and noting that such orders are "not unexplained"); *Burroughs v. Makowski*, 282 F.3d 410, 414 (6th Cir. 2002) ("[T]he Michigan Court of Appeals and Michigan Supreme Court's statements that Burroughs was not entitled to relief under M.C.R. 6.508(D) presents a sufficient explanation that their rulings were based on procedural default.").

Petitioner further asserts that even if such orders are "explained" in that the court was clearly relying on M.C.R. § 6.508(D) in general, they are still ambiguous in that M.C.R. § 6.508(D) contains both procedural and merit-based components. Because it is unclear on which component the Michigan Supreme Court relied, Petitioner asserts, the magistrate judge erred in finding that it must have been procedural. In support, Petitioner relies heavily on *Abela v. Martin*, 380 F.3d 915 (6th

2

Cir. 2004), which found the same one-sentence order to be a merit-based decision. As have numerous post-*Abela* decisions, however, the Court declines to follow *Abela*, finding that it cannot be reconciled with then-established Sixth Circuit precedent. *See e.g., Alexander v. Smith*, 311 F. App'x 875, 883 (6th Cir. 2009) ("*Abela* simply cannot be reconciled with this court's earlier decisions."); *Zimmerman v Cason*, 354 F. App'x 228, 234 (6th Cir. 2009) (noting the inconsistency and declining to follow *Abela*); *McCray v Metrish*, 232 F. App'x 469, 478 n.1 (6th Cir. 2007) (declining to follow *Abela* "because 'en banc consideration is required to overrule a published opinion of this court,' 6 Cir. R. 206(c)"). Until the Supreme Court or an en banc panel of the Sixth Circuit holds otherwise,[1] the Michigan Supreme Court's form order invoking M.C.R. § 6.508(D) suffices as a reasoned decision triggering a procedural bar.

As to the finding that Petitioner failed to show cause for the procedural default, Petitioner seems to assert that the magistrate judge did not adequately consider whether ineffective assistance of appellate counsel, Petitioner's claim VI, was the cause. The Court finds otherwise. Indeed, nearly half of the magistrate judge's report and recommendation covers just that issue. As required, the magistrate judge individually analyzed the strength of each of the claims appellate counsel failed to raise (claims I through V) and found no reasonable probability that, had any one of them been included, the result of the appeal would have been different. *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004). Petitioner objects to several of these conclusions.

Petitioner first argues that the magistrate judge erred in concluding that the victim could not communicate to defeat his due process claims. Petitioner asserts that the prosecutor intentionally misrepresented Ms. McCarty's ability to communicate and that the trial court erred in denying his

---

[1] In light of *Guilmette v. Howes*, 591 F.3d 505 (6th Cir. 2010), which was recently vacated and rehearing en banc granted on this exact issue, a certificate of appealability will be granted.

3

request to interview her. By allowing the prosecutor access to the victim, but not Petitioner, he argues, the trial court interfered with his ability to defend himself and denied him due process. The Court finds no reason to reject the magistrate judge's conclusions. The record does not support Petitioner's claims that Ms. McCarty could communicate in any meaningful way, that she could have been properly interviewed or acted as a witness, or that she would have offered information favorable to Petitioner if she could. Because the record does not support these claims, appellate counsel was not ineffective for failing to raise them. *Greer v. Mitchell*, 264 F.3d 663, 676 (2001).

Petitioner next objects to the magistrate judge's conclusions regarding the claims of prosecutorial misconduct. Petitioner asserts that the magistrate judge's conclusions were objectively unreasonable and contrary to established law, but cites no case law that can be viewed as contrary to the magistrate judge's conclusions. The Court disagrees with Petitioner, and finds the magistrate judge's conclusions to be well-reasoned and properly supported. Because the record does not support a finding of prosecutorial misconduct, appellate counsel was not ineffective for failing to raise it.

Petitioner next objects to the magistrate judge's conclusion that Petitioner's sentence does not violate *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). In support, Petitioner simply asserts that the magistrate judge's report and recommendation and the numerous decisions that follow the same reasoning misread the rules of the *Apprendi-Blakely-Booker* line of cases altogether. The Court disagrees. Indeed, it is now authoritatively established that Michigan's indeterminate sentencing scheme does not violate *Blakely* even where, as here, a sentence is enhanced based on judicial fact-finding, so long as it does not exceed the statutory maximum. *See Montes v. Trombley*, 599 F.3d 490, 497 (6th Cir. 2010) (finding that because Michigan's sentencing scheme is indeterminate, it does not violate *Blakely*); *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th

Cir. 2009) ("*Apprendi's* rule does not apply to judicial factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum."). Petitioner's statutory maximum was life in prison. M.C.L. § 750.83. Because there was no *Blakely* violation, the Court finds appellate counsel was not ineffective for failing to raise the issue.

The magistrate judge also rejected Petitioner's claim V– that trial counsel was ineffective for failing to investigate or seek a continuance regarding Ms. McCarty's ability to communicate, failing to object to prosecutorial misconduct, and failing to object to the alleged *Blakely* violation. Petitioner objects to all three conclusions. Agreeing with the magistrate judge that the prosecutorial misconduct and *Blakely* claims lack merit, the Court concludes trial counsel was not ineffective for failing to raise them. As to counsel's failure to investigate or seek a continuance regarding Ms. McCarty's ability to communicate, Petitioner condemns the behavior and cites several cases which are not directly on point and all of which involve much more egregious behavior. The court agrees with the magistrate judge's conclusion that even assuming *arguendo* that trial counsel should have more thoroughly investigated or sought a continuance, there is no indication that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). Because trial counsel was not ineffective, appellate counsel was not ineffective for failing to raise the issue.

Petitioner does not raise any objection to the magistrate judge's denial of claim VII.

### **Certificate of Appeability**

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment

of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Therefore, the Court has considered Petitioner's claims, including his objections, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Although the Court finds Petitioner's objections regarding procedural default to be contrary to binding precedent, the issue is currently being addressed en banc. *See Guilmette v. Howes*, 591 F.3d 505 (6th Cir. 2010), *reh'g en banc granted, opinion vacated* (Mar. 12, 2010). Thus, the Court will grant Petitioner a certificate of appealability on the single issue of whether the Michigan Supreme Court's use of a form order invoking M.C.R. § 6.508(D) suffices as a reasoned decision triggering a procedural bar. Therefore,

**IT IS HEREBY ORDERED** that the magistrate judge's Report and Recommendation, dated July 28, 2010, (docket no. 28) is **APPROVED AND ADOPTED** as the Opinion of the Court, and Petitioner's Objections (docket no. 29) are **OVERRULED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **GRANTED** by this Court as to the single issue of whether the Michigan Supreme Court's use of a form order invoking M.C.R. § 6.508(D) suffices as a reasoned decision triggering a procedural bar.

A separate judgement will issue.


Dated: September 29, 2010             /s/ Gordon J. Quist
                                     GORDON J. QUIST
                                     UNITED STATES DISTRICT JUDGE