UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE McCARTY,

    Petitioner,

v.                                                       Case No. 1:07-CV-663

CARMEN D. PALMER,                       HON. GORDON J. QUIST

    Respondent.
_____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

Petitioner, Wayne McCarty, filed a petition for habeas corpus raising five issues: (1) denial of due process by the refusal to permit examination of the only available witness that could corroborate his testimony and innocence, the victim herself; (2) fair trial denied by interference by prosecutor with right to present a defense; (3) denial of fair trial by improper prosecutor argument; (4) unconstitutional sentence based upon fact finding by the judge instead of the jury; (5) denial of a fair trial by ineffective assistance of counsel. On July 24, 2017, Magistrate Judge Ray Kent issued a Report and Recommendation (R & R) recommending that the Court deny McCarty's petition for writ of habeas corpus.

The magistrate judge concluded that (1) the record did not demonstrate that the proposed witness, McCarty's wife and alleged victim, could communicate effectively and lacked the capacity for decision making, and therefore, there was no due process violation; (2) the prosecutor's representations regarding the proposed witness were consistent with earlier testimony and therefore did not violate due process as being unfair; (3) McCarty failed to demonstrate prosecutorial misconduct causing a violation of due process; (4) McCarty's claim of

unconstitutional sentencing presents a question of state law not cognizable on habeas review and that the sentence was not unconstitutional; and (5) McCarty failed to make a showing of ineffective assistance of counsel.

McCarty has filed Objections to the R & R as to all five grounds. Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, McCarty's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

First, the Court concurs with the magistrate judge's determination that no due process violation occurred by refusing to permit examination of the victim. Factual determinations by a state court are presumed to be correct, 28 U.S.C. § 2254(e)(1), and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. *Magana v. Hofbauer*, 263 F.3d 542, 546 (6th Cir. 2001). There is ample evidence in the record that the victim could not communicate effectively and was incapable of "decision making" in her vegetative state. (ECF No. 28 at PageID.203-204; ECF No.1-4 at PageID.83.) The fact that she understood "simple communication and simple directions" and could communicate in writing, (ECF No.1-4 at PageID.83), is not clear and convincing evidence that she did, in fact, have the capacity to testify at trial. The magistrate judge properly rejected this claim.

Second, the Court concurs with the magistrate judge that McCarty's due process right to present a defense was not violated by the refusal to permit examination of the victim. As the magistrate judge correctly noted, the prosecutor's representations of the victim's mental capacity were consistent with trial testimony, and therefore did not "infect[] the trial with unfairness" to the

point of denying of due process. *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003) (quoting *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S. Ct. 2464, 2465 (1986)).

Third, the Court concludes that the magistrate judge did not err in finding that the prosecutor did not commit prosecutorial misconduct. The magistrate judge adequately addressed the individual allegations by McCarty and the Court concurs that the prosecutor's conduct was not "so egregious so as to render the entire trial fundamentally unfair." *Hutchison v. Bell*, 303 F.3d 720, 750 (6th Cir. 2002) (quoting *Serra v. Michigan Dep't of Corr.*, 4 F.3d 1348, 1355 (6th Cir. 1993)). McCarty is correct that a prosecutor cannot state an opinion regarding the credibility of a witness or the guilt of the defendant; however, the prosecutor's comments are not so egregious so as to affect the fairness of the entire trial.

Fourth, the Court concurs with the magistrate judge that McCarty is not entitled to federal habeas relief on his sentencing claim. A court can only grant habeas relief on a state court decision when the decision was "'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or was 'based on an unreasonable determination of the facts in light of the evidence that was presented in the State court proceeding.'" *Peak v. Webb*, 673 F.3d 465, 472 (6th Cir. 2012) (quoting 28 U.S.C. § 2254(d)). McCarty cites *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 542 U.S. 220, 124 S. Ct. 2488 (2005), however these cases are inapplicable because "[t]he law in question must have been clearly established at the time the state-court decision became final, not after." *Peak*, 673 F.3d at 472 (citing *Williams v. Taylor*, 529 U.S. 362, 380, 120 S. Ct. 1495, 1506 (2000)). McCarty was convicted in 2003, before either of these cases was decided. (R & R at 1.) "Because the Supreme Court at the time of the Petitioner's conviction did not require that facts which increase a criminal defendant's minimum sentence be proven

3

beyond a reasonable doubt, Petitioner is not entitled to habeas relief on his claim." *Cummings v. Campbell*, No. 17-10523, 2017 WL 957688 at *3 (E.D. Mich. Mar. 13, 2017). The Court concurs with the magistrate judge that *Cummings* is persuasive, and finds that the magistrate judge properly denied relief for this claim.

Finally, the Court concurs with the magistrate judge that McCarty's claims for ineffective assistance of counsel should be denied. For the reasons described above, McCarty fails to demonstrate that counsel's performance was (1) deficient and (2) therefore prejudiced the defense under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). Specifically, McCarty failed to demonstrate a deficiency arising from his counsel failing to investigate the condition of the victim; failing to object to the prosecutor's remarks; failing to object at sentencing; and failing to seek a continuance to further investigate the victim's condition.

McCarty argues that it was unreasonable and clearly erroneous to find that the witness could not communicate where "[she] did communicate." (ECF No. 49 at PageID.379.) The ability to minimally communicate is not the same as having capacity to be witness. *See, e.g.*, *United States v. Phibbs*, 999 F.2d 1054, 1070 (6th Cir. 1993) ("As long as a witness appreciates his duty to tell the truth, and *is minimally capable of observing, recalling, and communicating* events, his testimony should come in for whatever it is worth.") (emphasis added). As the magistrate judge noted, the record discloses serious doubts about the victim's capacity to effectively communicate, "e.g., that she could understand questions from counsel, that she could answer questions without prompting, that she could communicate answers to the jury without the help of a third-party, that she could clarify answers, or that she could be cross-examined." (R & R at 18.) Accordingly, the Court will overrule McCarty's Objection.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if McCarty has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000); *Murphy*, 263 F.3d at 467. Therefore, the Court has considered McCarty's claims, including his objections, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's denial of McCarty's claims was debatable or wrong. Thus, the Court will deny McCarty a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued July 24, 2017 (ECF No. 48) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Petitioner's Objection (ECF No. 49) is **OVERRULLED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

A separate judgment will issue.

Dated: September 13, 2017                                           /s/ Gordon J. Quist
                                                                    GORDON J. QUIST
                                                                    UNITED STATES DISTRICT JUDGE